UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

TRISTAN McCRACKEN and ]
JACOB GOETHE ]
    Plaintiffs, ]
 ]
v. ] No. 1:15-0118
 ] Chief Judge Sharp
BUCKY ROWLAND, et al. ]
    Defendants. ]

## M E M O R A N D U M

The plaintiffs, proceeding *pro se*, are inmates at the Maury County Jail in Columbia, Tennessee. They bring this action pursuant to 42 U.S.C. § 1983 against Bucky Rowland, Sheriff of Maury County; and Debra Wagonschutz, a member of the staff at the Maury County Jail; seeking injunctive relief.

The plaintiffs allege that they have either been terminated from or denied work assignments that would have provided them with additional privileges due to favoritism. They further claim that the grievance procedures at the Jail are inadequate to redress their complaints.

To establish a claim under 42 U.S.C. § 1983, the plaintiffs must plead and prove that the defendants, while acting under color of state law, deprived them of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 451

1

U.S. 527, 535 (1981).

An inmate's expectation of obtaining or retaining a particular job assignment has not been recognized as a property or liberty interest protected by the Due Process Clause of the Constitution. <u>Dellis v. Corrections Corporation of America</u>, 257 F.3d 508,511 (6th Cir.2001). Therefore, the Constitution does not provide the plaintiffs with an independent right to obtain or keep a particular work assignment.

Moreover, inmate grievance procedures are not mandated by the Constitution. <u>Antonelli v. Sheahan</u>, 81 F.3d 1422,1430-1431 (7th Cir.1996); <u>Adams v. Rice</u>, 40 F.3d 72,75 (4th Cir.1994). Thus, the adequacy of a particular grievance procedure does not rise to the level of a constitutional tort.

Lacking conduct rising to the level of a constitutional violation, the plaintiffs are unable to prove every element of their cause of action. They have, therefore, failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate will be entered.

_____
Kevin H. Sharp
Chief District Judge